### THE FAIRHOPE.

(District Court, E. D. Louisiana.   July 13, 1916.)

No. 15194.

1. MARITIME LIENS ☞44—RIGHT TO LIENS.
   Under Act Cong. June 23, 1910, c. 373, 36 Stat. 604 (Comp. St. 1913, §§ 7783–7787), declaring that any person furnishing repairs, supplies, or other necessaries to a vessel upon the order of the owner shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and that it shall not be necessary to allege or prove that credit was given to the vessel, one making repairs on and furnishing necessary supplies to a vessel on order of the owner is entitled to a lien, although the owner gave his note therefor, due in four months, and a mortgage on the vessel to secure it.
   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 83; Dec. Dig. ☞44.]

2. MARITIME LIENS ☞43—WAIVER—TAKING NOTE FOR AMOUNT.
   That one who made repairs upon and furnished supplies for a vessel retained the note of the owner therefor is no ground for denying him a maritime lien as against other lien claimants; the owner not making objection to the retention of the note.
   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 82; Dec. Dig. ☞43.]

In Admiralty. Libel by Mose Kruger and others against the steamer Fairhope, in which the Slidell Dock Yard & Shipbuilding Company intervened. The intervener's claim was rejected by the commissioner, and it filed objections to his report. Exception sustained, and decree entered in favor of intervener.

William H. Pascoe, of New Orleans, La., for libelants.

John D. Grace, of New Orleans, La., for interveners Cahaba Red Ash Coal Co. and others.

J. D. Dresner, of New Orleans, La., for intervener Madisonville Saw & Planing Mill.

Jas. E. Zunts, of New Orleans, La., for intervener Robt. P. Hyams Coal Co.

Denegre, Leovy & Chaffe and Harry McCall, all of New Orleans, La., for intervener Ollinger & Bruce Dry-Dock Co. and others.

Andrew M. Buchmann, of New Orleans, La., for intervener Alex. Dussel Iron Works.

McCloskey & Benedict, of New Orleans, La., for intervener New Orleans Railway & Light Co.

Gustave Lemle, W. Catesby Jones, and Arthur A. Moreno, all of New Orleans, La., for intervener Slidell Dry Dock & Ship Building Co.

---

Henry L. Garland, for interveners Naul and Williams.

Dart, Kernan & Dart, of New Orleans, La., for intervener Dr. E. T. Newell.

Farrar, Jonas, Goldsborough & Goldberg and Al. C. Kammer, all of New Orleans, La., for intervener Texas Oil Co.

FOSTER, District Judge. In this matter Mose Kruger and other seamen filed a libel against the steamer Fairhope for wages. Admiralty process issued against the vessel, and she was seized and sold. Various materialmen having intervened, the matter was referred to a commissioner, who in due course reported. His report is immaterial except as to the claim of the Slidell Dry Dock & Shipbuilding Company. This claim he rejected, and naturally, that company objects to the report.

[1] The facts are as follows: The steamer Fairhope was owned by D. H. Newell, a resident citizen of Louisiana, and was enrolled at New Orleans. In December, 1914, the Slidell Dry Dock & Shipbuilding Company, a Louisiana corporation conducting a shipyard at Slidell, La., made repairs and furnished necessary supplies to the Fairhope, amounting to $1,020.63. On the conclusion of the repairs, the owner executed his note, dated December 12, 1914, due in four months, for an amount slightly exceeding the claim now made, and also executed a mortgage on the vessel in the usual form to secure the note. The libel filed made no mention of the note or the mortgage, and declared on the original admiralty lien. The note has not been surrendered. The testimony of A. D. Canulette, general manager of the shipbuilding company, establishes the correctness of the account sued on, that the bills were approved by the captain, and that the repairs were made and the supplies furnished on the credit of the vessel. His testimony is not rebutted. The vessel speedily got into financial difficulties after being repaired, and the original libel herein was filed on January 11, 1915, within less than one month after the note was signed.

It is contended that by taking the note and mortgage, intervener has waived his lien, and emphasis is placed on the fact that the note has not been surrendered. Intervener's right to recover depends, of course, on the act of Congress of June 23, 1910. That statute crystalizes what has always been the general admiralty law, and makes it applicable to foreign and domestic ships alike. Under the general maritime law, if the repairs and supplies were necessary and furnished in good faith, the presumption would be that they were furnished on the credit of the ship. The statute recognizes this rule, and goes a step further, perhaps, in declaring that it shall not be necessary to allege or prove that credit was given to the ship. The presumption would not be overcome by showing that the owner was present and ordered the repairs. The Kalorama, 10 Wall. 204, 19 L. Ed. 941. And the taking of the note and mortgage would not waive the lien unless it was so intended. The St. Lawrence, 1 Black, 522, 17 L. Ed. 180; The B. D. Steelman (D. C.) 48 Fed. 580; The Theodore Perry, Fed. Cas. No. 13,879. The terms of the mortgage in this case

do not indicate an intention to waive the lien. Nothing whatever is said about the maritime lien, but the credit is only for four months, well within the term of prescription of the lien under the local law, which the parties probably had in mind when the mortgage was executed, and the act provides for the instant maturity of the note in the event of a libel being filed against the boat. Such testimony as is in the record tends to show that the supplies and repairs were furnished on the credit of the vessel, and there is nothing to indicate that the lien was waived.

[2] It is insisted, however, that the claim cannot be allowed because the note has not been surrendered. In several cases the Supreme Court has adverted to the fact that the note has, or has not, been surrendered, and more or less significance attached to the fact, but, so far as I am advised, the question has never been fully discussed by that court. However, in the case of The Theodore Perry, supra, Mr. Justice Brown, when on the district bench, held that the objection was personal to the maker of the note. This is in accord with sound reason, and is consistent with the decision of the Supreme Court in the case of The Custer, 10 Wall. at page 218, 19 L. Ed. 944, wherein it was held that the pendency of a common-law action against the owner did not prevent the assertion of the lien against the ship.

In this case all the liens are practically contemporaneous. The repairs furnished by the Slidell Dry Dock & Shipbuilding Company were probably of benefit to the other claimants, as no doubt value was added to the vessel, and it would be inequitable to deprive intervener of sharing in the fund.

The exception to the commissioner's report will be maintained, and a decree entered in accordance with this opinion.